13-397
*Shukla v. Sharma*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand and fourteen.

PRESENT:
        DEBRA ANN LIVINGSTON,
        GERARD E. LYNCH,
        CHRISTOPHER F. DRONEY,

                *Circuit Judges*.

_____

DEVENDRA SHUKLA,

    *Plaintiff-Counter-Defendant*,

    - v. -                                No. 13-397

SAT PRAKASH SHARMA, Individually and as Director of VISHVA SEVA ASHRAM OF NEW YORK, GEETA SHARMA, Individually and as Director of VISHVA SEVA ASHRAM OF NEW YORK, VISHVA SEVA ASHRAM OF NEW YORK DBA SARVA DEV MANDIR,

    *Defendants-Counter-Claimants-Appellants*,

CHITTUR & ASSOCIATES P.C.,

    *Non-Party Appellee.*

_____

                      DANIEL H. RICHLAND, Paykin, Richland & Falkowski, P.C., New York, NY, *for Defendants-Counter-Claimants-Appellants*.

1

KRISHNAN S. CHITTUR, Chittur & Associates, P.C., Ossining, NY, *for Non-Party Appellee*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED AND REMANDED** in part.

Defendants-appellants Sat Prakash Sharma, Geeta Sharma, and Vishva Seva Ashram of New York ("defendants-appellants") appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *C.J.*) awarding non-party appellee Chittur & Associates P.C. ("Chittur") $179,615.82 in attorney's fees as well as $16,080 in additional fees for time spent litigating its fee application. Chittur withdrew as counsel for defendants-appellants on the basis of their failure to pay outstanding fees following a jury trial at which defendants-appellants were found liable to plaintiff Devendra Shukla ("Shukla") for violating the Trafficking Victims Protection Act. *See Shukla v. Sharma*, No. 07-cv-2972 (CBA) (CLP), 2012 WL 481796 (E.D.N.Y. Feb. 14, 2012). This appeal exclusively concerns the fee dispute between defendants-appellants and Chittur, and not the underlying litigation between Shukla and defendants-appellants. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

Defendants-appellants argued below that the district court lacked subject matter jurisdiction over the fee dispute, and they renewed this argument in their opening brief on appeal, although their current counsel (who appeared after that brief was filed) no longer presses it. Regardless, the district court correctly found that it had jurisdiction. For a district court to exercise supplemental jurisdiction over a fee dispute, the dispute must form part of the same "case or controversy" as a dispute over which the district court has original jurisdiction. 28 U.S.C. § 1367(a). That standard is satisfied when the two disputes "derive from a common nucleus of operative fact." *Achtman v.*

*Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (quoting *Promisel v. First Am. Artificial Flowers, Inc.*, 943 F.2d 251, 254 (2d Cir. 1991)) (internal quotation marks omitted). We have held, in an "unbroken line of cases," that a fee dispute between a party and its attorneys shares a common nucleus of operative fact with the underlying action. *Id.* at 336; *see, e.g.*, *Alderman v. Pan Am World Airways*, 169 F.3d 99, 101-02 (2d Cir. 1999); *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 445-48 (2d Cir. 1998); *Cluett, Peabody & Co. v. CPC Acquisition Co.*, 863 F.2d 251, 256-57 (2d Cir. 1988). Because the district court indisputably had jurisdiction over the underlying litigation pursuant to 28 U.S.C. § 1331, it properly exercised supplemental jurisdiction over the fee dispute.

Turning to the merits, defendants-appellants argue that the district court erred in awarding fees to Chittur on an account stated theory because their retainer agreement with Chittur was unenforceable, and under New York law, an account stated cannot be based on an unenforceable contract. *See Rimberg & Assocs., P.C. v. Jamaica Chamber of Commerce, Inc.*, 837 N.Y.S.2d 259, 260 (App. Div. 2007); *see also Gurney, Becker & Bourne, Inc. v. Benderson Dev. Co.*, 394 N.E.2d 282, 283 (N.Y. 1979) ("[A]n account stated cannot be made the instrument to create liability when none exists . . . ."). Defendants-appellants argue that the retainer agreement was unenforceable (1) because it contained a non-mutual fee shifting clause providing that Chittur was entitled to fees incurred in litigating a fee dispute, and (2) because it charged two percent monthly interest on past-due amounts in violation of New York's prohibition on usury. *See* N.Y. Gen. Oblig. Law § 5-501; N.Y. Banking Law § 14-a(1).

As defendants-appellants concede, they did not present their two enforceability arguments to the district court. As a general matter, "a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). However, "the rule against

3

considering claims for the first time on appeal 'is prudential, not jurisdictional' and the Court has 'discretion to consider waived arguments.'" *Commack Self-Serv. Kosher Meats, Inc. v. Hooker*, 680 F.3d 194, 208 n.11 (2d Cir. 2012) (quoting *Sniado v. Bank Austria AG*, 378 F.3d 210, 213 (2d Cir. 2004)). A waived argument may properly be considered on appeal as a matter of discretion under two circumstances: (1) when consideration of the argument is necessary to avoid "manifest injustice," or (2) when the waived argument presents a pure question of law and there is "no need for additional fact-finding." *Id.*; *see Baker v. Dorfman*, 239 F.3d 415, 420 (2d Cir. 2000); *Readco, Inc. v. Marine Midland Bank*, 81 F.3d 295, 302 (2d Cir. 1996).

Here, we are able to discern without great difficulty—and indeed, Chittur conceded at argument—that the non-mutual fee-shifting provision in the retainer agreement was unenforceable under New York law, and that the district court therefore erred when it granted Chittur $16,080 in fees associated with litigating the fee dispute. *See Ween v. Dow*, 822 N.Y.S.2d 257, 261 (App. Div. 2006) ("[W]e find . . . the very nature of the provision, which permits the recovery of attorneys' fees by the attorney should he prevail in a collection action, without a reciprocal allowance for attorneys' fees should the client prevail, to be fundamentally unfair and unreasonable."); *see also In re Ernst*, 382 B.R. 194, 198 (S.D.N.Y. 2008) (relying on *Ween*); *Arfa v. Zamir*, 869 N.Y.S.2d 390, 391 (App. Div. 2008) (same). The district court, without the benefit of briefing on the issue, looked to cases indicating that while "[a] general agreement for the payment of counsel fees does not generally include counsel fees in the suit to collect those fees," parties can contract around that rule by using "specific language." *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1266-67 (2d Cir. 1987) (quoting *Swiss Credit Bank v. Int'l Bank, Ltd.*, 200 N.Y.S.2d 828, 830-31 (Sup. Ct. 1960)). Those cases, however, involve two-sided fee-shifting provisions, as opposed to one-sided ones, and ordinary commercial contracts, as opposed to retainer agreements. In New York, "[f]ee

arrangements between an attorney and [a] client are scrutinized with particular care." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 59, 67 (2d Cir. 2000). For these reasons, we vacate the portion of the district court's award granting $16,080 to Chittur based on the non-mutual fee-shifting provision.[1]

Defendants-appellants would have us further hold that the non-mutual fee-shifting provision renders the entire retainer agreement unenforceable and thus undermines the basis for Chittur's account stated claim. This argument, however, is contrary to the principle that unenforceable contract provisions are severable. *See* Restatement (Second) of Contracts § 184(1). Indeed, in the leading New York case on non-mutual fee-shifting provisions, the court invalidated such a provision and held that the plaintiff attorney could not recover for time spent litigating his fee application. But it also assumed that the attorney *could* recover on an account stated claim predicated on the same retainer agreement. *See Ween*, 822 N.Y.S.2d at 260. Accordingly, the invalid fee-shifting provision does not provide a reason for disturbing the district court's conclusion that Chittur had established an account stated in the amount of $179,615.82.

Finally, we exercise our discretion and deem defendants-appellants' argument based on New York's usury statute waived. In arguing that their retainer agreement with Chittur is a "loan" or "forbearance" subject to the usury statute, *see* N.Y. Gen. Oblig. Law § 5-501(2), defendants-appellants cite only one appellate decision, *Eikenberry v. Adirondack Spring Water Co.*, 480 N.E.2d 70 (N.Y. 1985). *Eikenberry* involved an independent repayment agreement for delinquent amounts

---

[1] Chittur argues that we should nonetheless award it fees incurred while litigating the fee dispute, pointing to cases holding that time spent on a fee application is compensable. *E.g.*, *Gagne v. Maher*, 594 F.2d 336, 343-44 (2d Cir. 1979). Given that we have denied Chittur these fees on the basis of the retainer agreement, we will not address, in the first instance, its entitlement to them on some other basis. On remand, Chittur is free to argue to the district court that it should receive these fees, although as Chittur recognized at argument, the cases on which it relies were federal question cases involving statutes that provide for fee-shifting.

already owed by an attorney's client, not a retainer agreement charging interest on past-due amounts as they arose. *See id.* at 72. Defendants-appellants concede that applying the usury statute to retainer agreements like Chittur's would require an extension of *Eikenberry*. We decline to address this state law claim with potentially significant ramifications for attorney-client relations in New York, given that the argument was not raised or passed upon below, and that defendants-appellants have not shown a need to do so to avoid manifest injustice.[2]

We have reviewed defendants-appellants' remaining contentions and find them to be without merit. For the foregoing reasons, the district court's judgment is **VACATED AND REMANDED** with respect to the portion of its award predicated on the unenforceable fee-shifting provision. In all other respects, the judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



---

[2] Defendants-appellants' opening brief lodged a number of conclusory procedural objections to the district court's approach to the fee dispute. These arguments, too, were not raised below, and we deem them waived as well.